UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BROOKLYN TONI, *et al.*, | Case No. 3:23-cv-00229-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| WASHOE COUNTY SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

Plaintiffs Brooklyn Toni and Dominique Jardin, as a guardian filing on behalf of minor Plaintiff N.J., brought eighteen causes of action pertaining to alleged hazing, harassment, sexual assault, and discrimination by players on the Galena High School varsity baseball team against Defendants Washoe County School District ("WCSD"), Beau Walker, the baseball coach and dean of students at Galena High School, and Kyle Ford, a former member of the baseball team. (ECF No. 14 ("Complaint").) Before the Court is Plaintiffs and Ford's joint motion for good faith settlement. (ECF No. 46 ("Motion").) WCSD and Walker filed non-oppositions to the Motion. (ECF Nos. 49, 50.) Considering these non-oppositions, and as further explained below, the Court will grant the Motion and vacate the hearing it had previously set on the Motion. (ECF No. 48 (setting hearing).)

In Nevada, it is within the Court's considerable discretion to determine whether a settlement was made in good faith under NRS § 17.245. *See Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 561 (Nev. 1991). Where a defendant settles with a plaintiff in good faith, it cannot be held liable to its codefendants for contribution or equitable indemnity. *See Otak Nev., LLC v. Eight Jud. Dist. Ct.*, 312 P.3d 491, 496 (Nev. 2013) (referencing NRS § 17.245(1)(b)). This result is inherent in NRS § 17.245's goal to "encourage settlements." *In Re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 926

(D. Nev. 1983).

The following factors are relevant to the Court's good faith determination: "[t]he amount paid in settlement, the allocation of the settlement among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *Id.* at 927-28 (citation omitted). The Court may also consider "the merits of any contribution or equitable indemnity claims against the settling defendant." *Otak*, 312 P.3d at 496 (citation omitted). But the Court is not limited to these factors in making its discretionary determination. *See Velsicol Chem.*, 811 P.2d at 563 (declining to adopt the "California rule" mandating consideration of specific factors).

Having considered the relevant factors, the Court finds that Plaintiffs settled with Ford in good faith. Plaintiffs and Ford addressed the pertinent factors in the Motion. (ECF No. 46 at 5-6.) The Court finds their discussion of the pertinent factors reasonable and adopts it as the Court's discussion. (*Id.*) And again, the other Defendants do not oppose the Motion. (ECF Nos. 49, 50.)

It is therefore ordered that Plaintiffs and Ford's joint motion for good faith settlement (ECF No. 46) is granted.

It is further ordered that the Court finds that Plaintiffs and Ford's settlement is made in good faith, and such resolution discharges Ford from liability for contribution and equitable indemnity as to any other tortfeasor, including WCSD and Walker, under NRS § 17.245.

It is further ordered that the hearing set on the Motion for April 23, 2024 (ECF No. 48 (setting hearing)) is vacated considering that this order resolves the Motion.[1]

DATED THIS 17th Day of April 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "[F]ormal hearings are not required" on a "good-faith motion." *The Drs. Co. v. Vincent*, 98 P.3d 681, 688 n.25 (Nev. 2004). The Court's Local Rules also permit the Court to decline to hold a hearing. *See* LR 78-1.

2